**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0991-16T4

LISA ARIOTTI,

    Plaintiff-Appellant,

v.

AMERICAN LEISURE, LITTLE MAN
PARKING, JASON D'ES VERNEY,
and DANIELLE CALCAGNO,

    Defendants,

and

CRYSTAL POINT CONDOMINIUM
ASSOCIATION, [1]

    Defendant-Respondent.

_____

Argued June 5, 2018 — Decided August 10, 2018

Before Judges Mayer and Mitterhoff.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Docket No.
L-3533-14.

Timothy J. McIlwain argued the cause for
appellant.

_____

[1] Improperly designated as Crystal Point Building.

Henal Patel argued the cause for respondent (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; James E. Patterson, of counsel and on the brief; Henal Patel, on the brief).

PER CURIAM

Plaintiff Lisa Ariotti appeals from the trial court's September 16, 2016 order granting the motion for summary judgment on behalf of defendant Crystal Point Condominium Association (Crystal Point). We affirm.

Plaintiff was employed by American Leisure as a massage therapist. She had several clients who resided in Crystal Point's condominium building in Jersey City. According to plaintiff, she was permitted to park in the onsite private parking garage managed by Little Man Parking, and she did so for seven months without incident. On or about August 13, 2013, American Leisure terminated plaintiff after allegedly learning that she had committed parking theft. After her termination, plaintiff commenced this lawsuit, suing American Leisure for wrongful termination under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-12, Danielle Calcagno for defamation, and Crystal Point (and other defendants) for aiding and abetting the wrongful termination, and for vicarious liability as Danielle Calcagno's employer. The claims against all defendants, except Crystal Point, were dismissed. The claims against Little Man Parking were dismissed

A-0991-16T4

by way of summary judgment on January 8, 2016. The claims against American Leisure, Jason D'es Verney, and Danielle Calcagno were dismissed for lack of prosecution on February 27, 2015.

On appeal, plaintiff asserts that the trial judge did not apply the correct summary judgment standard in that he failed to accord her all reasonable inferences as required by Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 523 (1995). In addition, plaintiff argues that she was denied due process because neither she nor her counsel appeared for oral argument on the motion.

On appeal from summary judgment orders, we review the matter de novo and apply the same standard employed by the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Accordingly, we must determine whether the moving party has demonstrated that there are no genuine disputes as to any material facts, and if so, whether the facts, viewed in the light most favorable to the non-moving party, entitle the moving party to judgment as a matter of law. R. 4:46-2(c); see also Davis, 219 N.J. at 405-06; Brill, 142 N.J. at 523.

In order to state a claim for wrongful termination under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -42, a plaintiff must demonstrate that the defendant was his or her "employer" within the meaning of the statute. N.J.S.A. 10:5-

12(a); N.J.S.A. 10:5-5(e).  See also <u>Chrisanthis v. County of Atlantic</u>, 361 N.J. Super. 448, 453 (App. Div. 2003).  In this case, plaintiff was employed as a massage therapist for American Leisure.  She was never employed by Crystal Point.  Plaintiff's allegation against Crystal Point is that it aided and abetted American Leisure in plaintiff's wrongful termination.

In order to hold a party liable as an aider or abettor under NJAD, a plaintiff must show that

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.
>
> [<u>Tarr v. Ciasulli</u>, 181 N.J. 70, 84 (2004) (alteration in original) (quoting <u>Hurley v. Atl. City Police Dep't</u>, 174 F.3d 95, 129 (3d Cir. 1999)).]

In this case, plaintiff's aiding and abetting claim against defendant fails because plaintiff has failed to produce any competent evidence that defendant aided or abetted plaintiff's employer, American Leisure, in any manner.  Instead, she relies solely on speculation and unsupported allegations.  Therefore, plaintiff cannot establish the first element to support her claim that Crystal Point aided and abetted her wrongful termination, and the trial court properly granted summary judgment on that claim.

A-0991-16T4

Next, plaintiff asserts that her claim for promissory estoppel should not have been dismissed on summary judgment. This claim centers on her assertion that for seven months, she was permitted to utilize the garage at Crystal Point, which was maintained by Little Man Parking. In order to survive summary judgment on a promissory estoppel claim, a plaintiff must show:

> (1) a clear and definite promise by the promisor; (2) the promise must be made with the expectation that the promisee will rely thereon; (3) the promisee must in fact reasonably rely on the promise; and (4) detriment of a definite and substantial nature must be incurred in reliance on the promise.
>
> [Pop's Cones, Inc. v. Resorts Int'l Hotel, Inc. 307 N.J. Super. 461, 469 (App. Div. 1998) (quoting Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat'l Bank, 163 N.J. Super. 463, 479 (App. Div. 1978)).]

The first element, a "clear and definite promise," is the "sine qua non for applicability of this theory of recovery." Malaker, 163 N.J. Super. at 479.

In this case, plaintiff does not allege that Crystal Point made any promise to plaintiff. Instead, plaintiff alleges that an implied promise was formed by virtue of the fact that she was permitted to park her car at Little Man Parking for seven months without incident. That is not sufficient to give rise to a clear and definite promise. Id. at 480 (holding an "implied undertaking to lend an unspecified amount of money" was not "the 'clear and

5

definite promise' that is required as an adequate foundation for estopping the [defendant]"); see also E. Orange Bd. of Educ. v. N.J. Sch. Constr. Corp., 405 N.J. Super. 132, 147-48 (App. Div. 2009) (articulating a general expectation to approve and fund projects is not sufficiently definite to support a promissory estoppel claim). As plaintiff cannot establish the first element of a promissory estoppel claim, the trial court did not err in dismissing the claim on summary judgment.

Next, plaintiff argues that her defamation claim should not have been dismissed on summary judgment. A defamatory statement, generally, subjects an individual to contempt or ridicule, see DeAngelis v. Hill, 180 N.J. 1, 13-14 (2004) (citing Lawrence v. Bauer Publ'g & Printing Ltd., 89 N.J. 451, 459 (1982)), or harms a person's reputation by lowering the community's estimation of him or deters others from associating or dealing with him. Ward v. Zelikovsky, 136 N.J. 516, 529 (1994) (citing Restatement (Second) of Torts § 559 (1977)).

To succeed in a defamation action, a plaintiff must prove three essential elements: (1) that the defendant made a false and defamatory statement concerning plaintiff; (2) that the statement was communicated to another person (and not privileged); and (3) that defendant acted negligently or with actual malice. See G.D.

v. Kenny, 205 N.J. 275, 293 (2011) (citing DeAngelis v. Hill, 180 N.J. 1, 13 (2004)).

Plaintiff seems to articulate that Crystal Point is vicariously liable for Calcagno's alleged defamatory statement.[2] Plaintiff has baldly asserted a vicarious liability claim rooted in a defamation claim without supporting evidence. Even if this court assumed vicarious liability by Crystal Point for statements made by Calcagno, plaintiff's defamation claim still fails since she has not proffered any evidence supporting her claim that a defamatory statement was made with negligence or actual malice to third persons that caused plaintiff harm.

The record reflects that plaintiff merely relies on her own statement that Calcagno allegedly informed "the Vice President of American Leisure, Jason D'es Verney and others that plaintiff committed parking theft." This statement alone does not establish defamation. Specifically, plaintiff does not provide any evidence that (1) the statement was false and (2) the statement was made either with negligence or malice. Indeed, plaintiff argues that after being accused of parking theft, "Crystal Point did not give [p]laintiff an option to settle the parking bill of approximately $1,500."

_____

[2] Crystal Point concedes that Danielle Calcagno is an employee of Crystal Point.

Moreover, the trial court noted, "[p]laintiff did not provide any facts to set forth a defamation claim against Crystal Point." Specifically, "[p]laintiff did not go as far as to state that a false statement matter was made to a third person." Accordingly, the trial court did not err in dismissing that claim.

Finally, plaintiff contends that she was denied due process because neither she nor her attorney appeared for oral argument on the summary judgment motion. Pursuant to the September 16, 2016 transcript, the trial court conducted a scheduled oral argument hearing, which plaintiff's counsel and plaintiff failed to attend. The record reflects that the hearing was scheduled for 10:30 a.m., however, the trial court conducted the hearing forty-five minutes after the original scheduled oral argument time noting that plaintiff's counsel was not present. In the trial court's statement of reasons, the court noted that its decision was rendered based on the written arguments presented. For that reason, the trial court did not abuse its discretion by relying on the written arguments submitted to the court in deciding the motion.

The remaining issues raised by plaintiff, including her appeal of the cross-motion to dismiss, do not have sufficient merit to warrant discussion in a written opinion. Rule 2:11-3(e)(1)(E).

A-0991-16T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0991-16T4